| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 15-02514 SJO (FFMx)          **DATE:** April 16, 2015

**TITLE:** <u>WRPV XI City Place Long Beach LLC v. Temeka Byers et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                          Not Present
Courtroom Clerk                                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY; DENYING DEFENDANT JAMES DOWNEY'S REQUEST TO PROCEED IN *FORMA PAUPERIS* AS MOOT** [Docket No. 2]

This matter is before the Court on its own motion. On February 23, 2015, Plaintiff WRPV XI City Place Long Beach LLC ("Plaintiff") initiated an unlawful detainer action in the Superior Court of California for Los Angeles County against Defendants Temeka Byars and James Downey ("Downey") (collectively, "Defendants"). (*See* Notice of Removal ("Notice") 10-15[1] ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that Defendants have failed to pay rent and remain in unlawful possession of the property located at 155 E. 4th Street, # 205, Long Beach, CA 90802 (the "Property") after being served with a 3-day notice to pay rent or quit on February 3, 2015, and February 6, 2015.[2] (Compl. ¶¶ 3, 6-8, 10.) On April 6, 2015, Downey removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal

---

[1] Because the Notice lacks a consistent numbering scheme, the Court refers to page numbers in the Notice according to those assigned by the Court's Electronic Case Filing system.

[2] Plaintiff alleges that it served Defendants with the 3-day notice by posting it on the premises on February 3, 2015. (Compl. ¶ 8.) Additionally, Plaintiff alleges that it served Defendants with the notice on February 6, 2015. (Compl. ¶ 7.)

JS-6

Case 2:15-cv-02514-SJO-FFM Document 8 Filed 04/16/15 Page 2 of 3 Page ID #:52

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 15-02514 SJO (FFMx)    **DATE:** April 16, 2015

is proper." *Id.* (citations and internal quotation marks omitted). Under the removal statute, an action is removable to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a).

In the Notice, Downey argues that the Court has federal question jurisdiction. (*See, e.g.,* Notice ¶¶ 5-6, 9.) Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state law cause of action for unlawful detainer. (*See generally* Compl.) In the Notice, Downey alleges that under the federal Protecting Tenants at Foreclosure Act of 2009 (the "PTFA"), 12 U.S.C. §§ 5201, *et seq.*, Plaintiff was required to give Defendants notice of not less than 90 days before instructing them to vacate the Property. (*See* Notice ¶ 6.) Thus, Defendants apparently seek to assert Plaintiff's alleged failure to comply with the PTFA as a defense to Plaintiff's unlawful detainer action. However, a federal defense does not convert a state-law claim into a federal one. *See Williams*, 482 U.S. at 392. Further, it is Plaintiff's Complaint, not Defendant's Notice of Removal, that must contain claims that "depend[] on resolution of a substantial question of federal law" for federal jurisdiction to arise. *Empire Healthchoice,* 547 U.S. at 690. The Complaint includes no such question. (*See generally* Compl.)

Downey alleges that the Plaintiff's Complaint was artfully pleaded to intentionally avoid federal question jurisdiction. (*See* Notice ¶¶ 7, 14.) Specifically, Downey maintains that the Complaint actually "attempts to state a cause of action [under the PTFA for] ejectment, and cannot state a cause of action [for] unlawful detainer." (Notice ¶ 10.) This argument is unavailing. "The PTFA creates no cause of action allowing for evictions, either explicitly or implicitly," *Wescom Credit Union v. Dudley,* No. CV 10-08203 GAF, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010), and "federal courts have uniformly concluded that the PTFA does not preempt state law unlawful detainer actions." *Aurora Loan Servs. LLC v. Torres,* No. CV 11-03061 EJD, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011) (collecting cases).

For aforementioned reasons, the Court finds that Defendants have failed to meet their burden of raising a federal question. Accordingly, the Court **REMANDS** this action to the Superior Court of

| | | |
|---|---|---|
| **JS-6** | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 15-02514 SJO (FFMx)     **DATE:** April 16, 2015

California for Los Angeles County. Because the matter is hereby remanded, the Court **DENIES** Downey's Request to Proceed in *Forma Pauperis* **as moot**. This action shall close.

IT IS SO ORDERED.